UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

STANLEY HARDEE,

*Plaintiff*,

-against-

CORRECTION OFFICER J. THOMAS, et al.,

*Defendants*.

---

**DECLARATION**

23-CV-1142
(LEK/TWD)

I, **Rachael Seguin**, pursuant to 28 U.S.C. § 1746(2), declare under penalty of perjury that the forgoing is true and correct:

1. I am the Director of the Incarcerated Grievance Program ("IGP") for the New York State Department of Corrections and Community Supervision ("DOCCS"). As such, I am familiar with the grievance procedure available to incarcerated individuals for filing complaints within DOCCS.

2. Although not a party to this action, I submit this Declaration in support of Defendant's Motion for Summary Judgment, based upon personal knowledge and review of the applicable regulations, DOCCS Directives, and agency records kept in the ordinary course of business.

3. As the IGP Director, I am a custodian of the records maintained by the Central Office Review Committee ("CORC"), which renders final administrative decisions for DOCCS's IGP pursuant to 7 N.Y.C.R.R. §§ 701.1-701.11.

4. The DOCCS incarcerated grievance process allows any incarcerated individual who is personally affected by an issue to submit their grievance complaint to the Incarcerated

Grievance Resolution Committee ("IGRC"), a facility committee made up of elected incarcerated individual representatives and appointed staff members.

5. The incarcerated grievance process established by 7 N.Y.C.R.R. §701.5 involves three steps:

(1) the incarcerated individual must file a complaint with the IGRC within twenty-one (21) calendar days of an alleged incident at the individual facility where the incarcerated individual is housed, even if the alleged incident occurred at another facility. The IGRC has sixteen (16) calendar days in which to attempt to informally resolve the complaint, or hold a hearing;

(2) if dissatisfied with the IGRC recommendation, the incarcerated individual may appeal it to the Superintendent of the facility within seven (7) calendar days after receipt of the IGRC's written response. The request to appeal must be submitted, in writing, directly to the IGRC at the facility where the grievance was filed. The Superintendent has twenty (20) calendar days to render a response; and

(3) if dissatisfied with the Superintendent's response, the incarcerated individual may appeal the decision to CORC within seven (7) calendar days after receipt of the Superintendent's written response. The request to appeal to CORC must also be submitted, in writing, directly to the IGRC at the facility where the grievance was filed, for forwarding to CORC.

6. DOCCS also provides an expedited procedure for the review of grievances alleging harassment or misconduct by DOCCS employees. *See* 7 N.Y.C.R.R. §701.8. A grievance that falls under this category will be directly forwarded to the Superintendent upon filing, who has twenty-five (25) calendar days to render a response. While the expedited procedure allows for direct

forwarding of such a grievance to the Superintendent of the facility, an incarcerated individual must still initiate the grievance process by filing a grievance in accordance with §701.5. *See* §701.8(a). If an incarcerated individual disagrees with the Superintendent's response, they must still appeal the decision to CORC to exhaust their administrative remedies. *See* §701.8(h). Further, if an incarcerated individual fails to receive a response to an expedited grievance from the Superintendent within twenty-five (25) calendar days, the failure to respond may be construed as a denial, and the incarcerated individual must still appeal to CORC to exhaust their administrative remedies. *See* §701.8(g). This is done by filing such a request, in writing, to the IGRC office at the facility where the grievance was filed, for forwarding to CORC.

7. CORC is the final appellate level of the IGP.

8. When an incarcerated individual appeals a grievance to CORC, DOCCS Directive #4040 stipulates that it is Department policy to maintain grievance files for the current calendar year and the previous four calendar years. CORC maintains files of grievance appeals received by CORC in accordance with the Directive. In fact, the CORC computer database contains records of appeals of grievances received from facility grievance offices, including those reviewed under the expedited procedure of 7 N.Y.C.R.R. §701.8, which have been heard and decided by CORC since the 1990's.

9. It is my understanding that Plaintiff, Stanley Hardee (DIN: 13-A-0433), alleges that on November 4, 2022, at approximately 10:30 AM, while inside the prison yard at Eastern Correctional Facility ("Eastern"), Defendant Jeffrey Thomas and other unnamed correction staff violated Plaintiff's Eighth Amendment rights by 'slamming' Plaintiff to the ground, pepper spraying Plaintiff, and "dragging" Plaintiff face-first along the pavement. Plaintiff alleges that Defendant and the unnamed correction staff denied "adequate medical care," by being left

unconscious for twenty minutes and otherwise failing to address Plaintiff's alleged medical needs.

10. The allegations Plaintiff makes in this lawsuit: specifically, excessive force by correction staff and denial of adequate medical care, as described in paragraph "9" above, are the proper subject for a grievance. *Id.* § 701.2(a).

11. Plaintiff was housed at Eastern from February 2, 2018 until November 28, 2022. During this period, Eastern had, and continues to have, a fully functioning incarcerated grievance process available to incarcerated individuals. Incarcerated individuals at Eastern had and continue to have full access to CORC in which to appeal facility-level grievance determinations.

12. At the request of the Office of the New York State Attorney General, I conducted a diligent search of DOCCS records for any appeals received by CORC relating to Plaintiff's instant allegations. Attached as **Exhibit "A"** is a true and correct copy of the computer printout reflecting the results of that search, as of May 30, 2024.

13. As evidenced by Exhibit "A," Plaintiff has appealed two (2) facility-level grievance determinations to CORC, including a previous grievance from Eastern. However, for the entire calendar year of 2022, Plaintiff did not appeal any grievances to CORC.

14. As further evidenced by Exhibit "A," Plaintiff has not appealed any grievances to CORC referencing Plaintiff's allegations in this action that are described in paragraph "9" above.

15. Since Plaintiff Stanley Hardee did not appeal any grievances related to the above-referenced allegation against Defendant Jeffrey Thomas to CORC before commencing this action, Plaintiff failed to fully exhaust their administrative remedies as required by 42 U.S.C. § 1997e(a).

Dated: Albany, New York
May 30th, 2024

Rachael Seguin

# Exhibit “A”

Department of Corrections and Community Supervision

Rachael A. Seguin

NEW YORK STATE

**Inmate Grievance** Search Page Custom Search

Search this site

# Active Cases ▸ 13A0433

| Case Number | Title | Grievant Last Name | Grievant DIN Number | Consolidators | Date Filed | Received Date | Case Code |
|---|---|---|---|---|---|---|---|
| **Count = 1** | | | | | | | |
| CL-0605-23 | NOI Participants Denied Showers Before Weekly Service | ROLLE | 98A0110 | 13A2393\|MCEACHERN, ERIC<br>13A0433\|HARDEE, STANLEY | 9/21/2023 | 10/30/2023 | 16 - Religion |

Department of Corrections and Community Supervision

Rachael A. Seguin

Inmate Grievance Search Page Custom Search

Search this site

# Closed Cases ▸ 13A0433

| Case Number | Title | Grievant Last Name | Grievant DIN Number | Consolidators | Date Filed | Received Date | Schd Date | Case Code |
|---|---|---|---|---|---|---|---|---|
| **Count = 1** | | | | | | | | |
| ECF-28468-18 | Law Library Printer | NEWBORN | 05A0886 | 16A1605\|JACQUET, RICARDO<br>14A4359\|MILTON, ROBERT<br>07A4547\|POWELL, WILLIAM<br>12A2776\|HEWETT, PAUL<br>03A3988\|AYALA, TAINO<br>13A0433\|HARDEE, STANLEY<br>93A5403\|VELEZ, JOSE<br>97A3849\|JOHNSON, RONALD<br>12A0504\|DIXON, JOHN | 9/21/2018 | 11/19/2018 | 12/18/2019 | 40 - Law Library |