UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

STANLEY HARDEE,

                                Plaintiff,

-against-                                                  9:23-CV-1142 (LEK/TWD)

CORRECTIONAL OFFICER J. THOMAS, *et al.*,

                                Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Stanley Hardee brings this pro se action pursuant to 42 U.S.C. § 1983 against Defendant Correctional Officer J. Thomas and two John Does, alleging that Defendants violated his constitutional rights. Dkt. No. 1. Defendant Thomas filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his available administrative remedies. Dkt. No. 22 ("Motion"). On February 13, 2025, the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, issued a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d), recommending the Motion be denied. Dkt. No. 35 ("Report and Recommendation").

No party has filed objections to the Report and Recommendation. For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

**II.    BACKGROUND**

The Court assumes familiarity with the factual background detailed in the Report and Recommendation. *See* R. & R. at 2–5.

In her analysis, Judge Dancks noted that summary judgment should rarely be granted against a plaintiff before they have an opportunity to conduct discovery. *Id.* at 9 (quoting *Hellstrom v. U.S. Dep't of Veterans Affairs.*, 201 F.3d 94, 97 (2d Cir. 2000)). Judge Dancks stated that "the record is, at best, incomplete as to the availability of administrative remedies at the various DOCCS facilities where Plaintiff was housed." *Id.* As such, Judge Dancks found that "Plaintiff's assertions regarding his attempts to submit both his initial grievance and the appeal . . . present distinct questions of fact that should not be resolved at this juncture." *Id.* at 10. Judge Dancks thus recommended the Motion be denied and the case proceed to discovery. *Id.* at 11.

### III. LEGAL STANDARD

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); *see also* L.R. 72.1. However, if no objections are made, a district court need only review a report and recommendation for clear error. *See DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." *Rivera v. Fed. Bureau of Prisons*, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) (cleaned up). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**IV.    DISCUSSION**

No party objected to the Report and Recommendation within fourteen days after being served with a copy of it. Accordingly, the Court reviews the Report and Recommendation for clear error. *See DiPilato*, 662 F. Supp. 2d at 339. Having found none, the Court approves and adopts the Report and Recommendation in its entirety.

**V.    CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 35, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Motion for summary judgment, Dkt. No. 22, is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    March 11, 2025
          Albany, New York

LAWRENCE E. KAHN
United States District Judge