UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

STANLEY HARDEE,

*Plaintiff,*

-against-

**ANSWER**

CORRECTIONAL OFFICER J. THOMAS et al.,

**JURY TRIAL DEMANDED**

*Defendants.*     Case No. 9:23-CV-1142(LEK-TWD)

---

Defendant J. Thomas**,** by his attorneys, LaMarche Safranko Law PLLC, as an Answer to the Plaintiff's Complaint, states as follows:

1.      Defendant denies each and every allegation contained in the Amended Complaint that alleges or tends to allege that Defendant Thomas' actions challenged herein were in any way contrary to constitutional, statutory, regulatory or case law.

2.      Defendant has numbered his references to the Plaintiff's Complaint based on the page numbers written on the Complaint documents by Plaintiff, as the allegations are not separated by paragraph.

3.      The allegations on page two (2) are introductory in nature as it generally identifies the claim at issue and is a legal conclusion to which no response is required. To the extent any such response is required, these allegations are denied.

4.      Defendant denies each and every allegation contained under heading "Eighth Amendment Claim" on page three (3) of the Complaint. Specifically, Defendant denies that he:

      a.   "slammed, harm, and attacked Plaintiff;" [sic]

      b.   "dragging face into pavement;"

c.  deprived Plaintiff of adequate medical supervision;

d.  violated Plaintiff's rights,

e.  "imposed acts of (cruel-and unusual punishment and negligence;" [sic]

f.  "exposed Plaintiff to excessive force and danger;"

g.  "failed to protect Plaintiff from harm and assault"

5.    As to the allegation that Defendant used "serious amounts of excessive force" through the use of pepper spray, Defendant denies that excessive force was ever utilized. Defendant admits that he utilized pepper spray but denies that such use was excessive.

6.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegation on page three (3) that "all grievance procedure under DOCCS directive 4040 was filed and served with regards to Nov 4th 2022."

7.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegation on page three (3) that "Plaintiff was rushed to emergency medical after lying unconscious for over 20 minutes without reasonable care."

8.    Defendant denies the allegation on page three (3) to the extent such allegation is asserted against him, that "Plaintiff was deprived adequate medical care after multiple request [sic] to be seen by Health Care Doctor."

9.    Defendant denies the allegation on page four (4), to the extent such allegation is asserted against him, that he "did not provide at all proper medical care to Plaintiff."

10.   Defendant denies the allegation, to the extent such allegation is asserted against him, on page four (4) that "sick-call slips were ignored on November 4, 2022 after Assault and Physical Harm took place 7 stitches was [sic] received and Plaintiff was subjected to abuse and injuries sustained by each listed defendant."

11. Defendant denies the allegation, to the extent such allegation is asserted against him, on page four (4) that he "caused plaintiff to suffer emotional-and-psychological trauma, injuries to body and head, after pleas and begging for help on Nov 4, 2022 no-direct-supervisor-or-seagant [sic] provided services."

12. Defendant denies the allegation, to the extent such allegation is asserted against him, on page four (4) that he "used actions of illegal and unconstitutional acts upon plaintiff."

13. Defendant denies the allegation, to the extent such allegation is asserted against him, on page four (4) that he "refused to enforce lawful proper guidelines a D.O.C.S. [sic] official at C.F. on Nov 4, 2022."

14. Defendant denies the allegation, to the extent such allegation is asserted against him, on page four (4) that he "put plaintiff inside a very uncomfortable position inside eastern infirmary without be allowed to address need medical treatment attacks by each defendant caused plaintiff to suffer physical injuries such as:

   a. "multiple scrapes-and-cuts because of assault!"

   b. "7 stitches to cause disfigurement to right side of nose! Bleeding from head. Plaintiff was struck to the head, beaten, O.C. pepper sprayed restrained, and dragged with face on pavement by each defendant on Nov 4, 2022)." [sic]

15. Defendant denies the allegation, to the extent such allegation is asserted against him, on pages four (4) and five (5) that he "violated plaintiffs eighth amendment rights to be free from forms of cruel-and-unusual punishment acts of egregious abuse, misconduct and deliberate mistreatment."

16. Defendant denies the allegation, to the extent such allegation is asserted against him, on page five (5) that he should "be held liable for acts of assault, battery, to include pain and suffering and mental anguish imposed on Nov 4, 2022."

17. Defendant denies the allegation, to the extent such allegation is asserted against him, on page five (5) that he "violated D.O.C.S. [sic] policy and procedures and did not take appropriate action Plaintiff rights were indeed violated."

18. Defendant admits the allegation on page six (6) that as of the date of incident he was an employee at Eastern Correctional Facility.

19. Defendant denies the allegation, to the extent such allegation is asserted against him, on page 5 that he "violated the due process and civil rights of Plaintiff."

20. Defendant denies the allegation, to the extent such allegation is asserted against him, on page five (5) that "each action by listed Defendants were taken in bad faith to cause damages of the following:

    a. Pain and suffering, both physical and emotional damages!;

    b. Loss of property, loss of good time, loss of health condition. Wherefore, Plaintiff prays this court grant compensatory damages in the amount of $500,000 and for sustained serious physical injuries, plaintiff suffered a great deal of mental anguish. Plaintiff is entitled to Punitive damages in the sum of $1 million and any further relief this Court deems proper. Each defendant is a violent character and unsuitable to continue in duty as D.O.C.S. officials of employee." [sic]

21. Defendant denies each and every remaining allegation contained in the complaint not specifically responded to above.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

22.    Plaintiff's complaint fails to state a cause of action upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

23.    Plaintiff's complaint is barred, at least in part, under principles of res judicata and collateral estoppel.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

24.    To the extent plaintiff raises state law claims, they are barred by Section 24 of the Correction Law, by the Eleventh Amendment, and by other state law.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

25.    To the extent Plaintiff raises state law claims, they are barred by the applicable statute of limitations.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

26.    The complaint is barred, in whole or in part, under the Eleventh Amendment.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

27.    The complaint is barred, in whole or in part, by applicable statute of limitations.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

28.    The Plaintiff has failed to establish personal jurisdiction over Defendant Thomas.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

29.    It is denied that the Plaintiff suffered any injuries as a result of the actions or inactions of Defendant Thomas.

<h2 style="text-align:center">AS AND FOR A NINTH AFFIRMATIVE DEFENSE</h2>

30.     The injuries allegedly sustained by the Plaintiff were caused in whole or in part by the conduct of one or more parties or entities for whose conduct Defendant Thomas is not responsible.

<h2 style="text-align:center">AS AND FOR A TENTH AFFIRMATIVE DEFENSE</h2>

31.     Plaintiff has failed to exhaust administrative remedies under the Prison Litigation Reform Act of 1995.

<h2 style="text-align:center">AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE</h2>

32.     To the extent Plaintiff has, on three or more occasions, brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, he is barred from proceeding under section 1915 of the Prison Litigation Reform Act of 1995.

<h2 style="text-align:center">AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE</h2>

33.     Upon information and belief, Plaintiff has been convicted of one or more felonies or other crimes for which there are or may be restitution orders pending.  Pursuant to Section 807 of the Prison Litigation Reform Act of 1995, any compensatory damages to be awarded plaintiff herein shall be paid directly to satisfy any such outstanding orders until paid in full.

<h2 style="text-align:center">AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE</h2>

34.     Upon information and belief, Plaintiff has been convicted of one or more felonies or other crimes. Pursuant to Section 808 of the Prison Litigation Reform Act of 1995, prior to any compensatory damages to Plaintiff, reasonable efforts shall be made to notify the victims of the crime for which Plaintiff was convicted and incarcerated.  Upon information and belief, Plaintiff must be compelled to cooperate in the notification of his victims prior to payment of any judgment herein, or he should be barred from recovered.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

35. During all relevant times herein Defendant Thomas acted under the reasonable belief that his conduct was in accordance with clearly established law, and he is therefore entitled to qualified immunity.

**JURY TRIAL DEMAND**

36. Defendant Thomas demands a trial by jury.

WHEREFORE, Defendant J. Thoams, respectfully requests that this Court deny the relief requested, dismiss the Complaint, and any such further relief as the court deems just.

Dated: July 30, 2025

LILY G. KILLAR, ESQ.
LKILLAR@lslawny.com
LaMarche Safranko Law, PLLC
Attorneys for Defendant **Jeffrey Thomas**
987 New Loudon Road
Cohoes, New York 12047
518-982-0779

TO:    *via ECF*

TO:    **Stanley Hardee 13-A-0433**
Plaintiff Pro se
Otisville Correctional Facility
Box 8
Otisville, NY 10963