UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

STANLEY HARDEE,

*Plaintiff,*

-against-

**DECLARATION**

CORRECTIONAL OFFICER J. THOMAS et al.,

*Defendants.*

Case No. 9:23-CV-1142(LEK-CBF)

**DECLARATION OF JOSHUA R. FRIEDMAN, ESQ.**

I, Joshua R. Friedman, Esq., declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney duly admitted to practice before this Court and am a member of the law firm of LaMarche Safranko Law PLLC, attorneys for defendant Jeffrey Thomas (named as "Correction Officer J. Thomas) (hereinafter, "Defendant").

2. I submit this Declaration in support of Defendant's motion pursuant to Rules 26, 33, 34, and 37 of the Federal Rules of Civil Procedure for an Order compelling Plaintiff to respond to Defendant's First Set of Interrogatories and First Set of Document Demands.

3. I have personal knowledge of the facts set forth herein based upon my representation of Defendant and my review of the litigation file maintained in the ordinary course of business.

4. On January 15, 2026, Defendants served upon Plaintiff, by first-class mail, Defendant's First Set of Interrogatories and First Set of Document Demands (hereinafter, the "Discovery Demands").

5. The Discovery Demands were mailed to Plaintiff at the following address:

**Stanley Hardee**
**DIN No. 13-A-0433**
**Otisville Correctional Facility**
**Box 8**
**Otisville, New York 10963**

6. A true copy of the Discovery Demands, along with our firm's cover letter and Affidavit of Service is annexed hereto as **Exhibit "A."**

7. Pursuant to Rules 33(b)(2) and 34(b)(2)(A) of the Federal Rules of Civil Procedure, responses to the Discovery Demands are due within thirty (30) days after service. An additional three (3) days is added by operation of Fed. R. Civ. P. 6(d) due to service being by mail.

8. Accordingly, Plaintiff's responses to the Discovery Demands were due to be served by February 17, 2026.

9. Defendant has not received responses to the Discovery Demands.

10. Plaintiff likewise did not serve objections to the Discovery Demands, nor request an extension of time to respond, nor communicate with undersigned counsel concerning the outstanding discovery.

11. On May 28, 2026, because Plaintiff had failed to respond to the Discovery Demands, Defendant submitted correspondence to the Court requesting an extension of the discovery deadline. Dkt 65.

12. In that correspondence, Defendant advised that counsel had not received responses to the Discovery Demands, which had been served on January 15, 2026.

13. Plaintiff was served with a copy of Defendant's May 28, 2026 correspondence on May 28, 2026 by first class mail, and a Certificate of Service was filed by Defendant the same day. Dkt 66.

14. On May 28, 2026, the Court issued a Text Order extending the discovery deadline. In that Order, the Court expressly warned Plaintiff "that failure to comply with his discovery obligations and/or the orders of the Court may result in the imposition of sanctions, including possible dismissal of this action." Dkt 67.

15. The Court's docket reflects that a copy of the May 28, 2026 Text Order was mailed to Plaintiff. Dkt 67.

16. Despite notice that Defendant had advised the Court of Plaintiff's failure to respond to the Discovery Demands, and despite the Court's express warning regarding discovery obligations, Plaintiff still did not provide any responses to Defendants' written discovery.

17. On July 10, 2026, Defendant again wrote to the Court seeking an additional extension of the discovery deadline and requesting permission to file a motion to compel.

18. In that correspondence, Defendant advised the Court that Plaintiff still had not provided responses to the Discovery Demands notwithstanding the Court's prior warning. Dkt 68.

19. Plaintiff was served with a copy of the July 10, 2026 correspondence on July 14, 2026 and a Certificate of Service was filed by Defendant the same day. Dkt 70.

20. Thereafter, the Court extended the discovery deadline through August 13, 2026 and authorized Defendant's to file the instant motion to compel by July 17, 2026 if no responses to the Discovery Demands had yet been received. Dkt 69.

21. To date, no responses to the Discovery Demands have been received, nor has Plaintiff communicated with Defendant in any manner.

22. More than six months have elapsed since Defendant served their written Discovery Demands.

23. During that period, Plaintiff has not served responses, objections, supplemental responses, or any correspondence explaining his failure to respond.

24. Plaintiff's complete failure to participate in written discovery has prevented Defendant from obtaining information relevant to Plaintiff's claims and Defendant's defenses and has delayed the orderly completion of discovery in accordance with the Court's Scheduling Orders.

25. Because Plaintiff is incarcerated and proceeding *pro se*, counsel's ability to confer regarding discovery is necessarily limited. Nevertheless, Plaintiff has repeatedly been placed on notice of the outstanding discovery through Defendant's correspondence served upon him and through the Court's May 28, 2026 Order warning him of the consequences of failing to comply with his discovery obligations.

26. Despite those notices and the Court's warning, Plaintiff has not served any discovery responses or otherwise communicated with undersigned counsel.

27. Defendant therefore respectfully request that the Court:

a. Compel Plaintiff to serve complete responses to Defendant's Discovery Demands, comprised of First Set of Interrogatories to Plaintiff and First Set of Document Demands to Plaintiff, within fourteen (14) days of the Court's Order;

b. Direct that Plaintiff shall not assert objections that were not timely served absent leave of Court and a showing of good cause;

c. Advise Plaintiff that failure to comply with the Court's Order compelling discovery may result in the imposition of sanctions pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, including, where appropriate, dismissal of this action pursuant to Rules 37(b) and 41(b); and

d. Extend such additional discovery deadlines as the Court deems necessary to permit Defendant to review Plaintiff's discovery responses and conduct any follow-up discovery made necessary thereby.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 17, 2026

_______________________________
s/JOSHUA R. FRIEDMAN